## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS APPRENTICESHIP &**
**TRAINING FUND, and JOHN J. SCHMITT**
**(in his capacity as Trustee)**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**
**LABOR MANAGEMENT COOPERATION TRUST FUND,**
**and INDUSTRY ADVANCEMENT PROGRAM FUND,**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**WISCONSIN MASONS PENSION FUND,**
**WISCONSIN MASONS HEALTH CARE FUND,**
**WISCONSIN MASONS APPRENTICESHIP &**
**TRAINING FUND, WISCONSIN MASONS ICE**
**FUND, WISCONSIN MASONS IPF FUND, and**
**JEFFREY LECKWEE (in his capacity as Trustee),**

**BRICKLAYERS & TROWEL TRADES**
**INTERNATIONAL PENSION FUND,**
**INTERNATIONAL MASONRY INSTITUTE,**

**BRICKLAYERS & ALLIED CRAFTWORKERS**
**DISTRICT COUNCIL OF WISCONSIN,**

**INTERNATIONAL UNION OF BRICKLAYERS & ALLIED**
**CRAFTWORKERS,**

        **Plaintiffs,**

        **v.**                              **Case No. 13-cv-867**

**SWANSON SPRAY SYSTEMS, INC. and**
**WILLIAM C. SWANSON,**

        **Defendants.**

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Benjamin J. Roovers, and as and for a cause of action against the Defendants, allege and show to the court the following:

**Jurisdiction and Venue**

1.      Jurisdiction of this Court upon Defendants Swanson Spray Systems, Inc. (hereinafter "Swanson Spray") and William C. Swanson (hereinafter "Mr. Swanson") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2.      Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiffs are administered at their offices located in DeForest, Wisconsin.

**Parties**

3.      Plaintiffs Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and

-2-

beneficiaries of said Plans.  Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4.      Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action.  Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5.      Plaintiff Wisconsin Laborers District Council (hereinafter "Laborers Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues.  Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

6.      Plaintiffs Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund"), Labor Management Cooperation Trust Fund, and Industry Advancement Program Fund are employee benefit plans governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry.  Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

7.      Plaintiffs Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund, Wisconsin Masons Vacation Fund, Wisconsin Masons Apprenticeship & Training Fund, Wisconsin Masons ICE Fund, and Wisconsin Masons IPF Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants

and beneficiaries of said Plans.  Said Plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

8.      Plaintiff Jeffrey Leckwee is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Jeffrey Leckwee maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

9.      Plaintiffs Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute ("IMI") are employee benefit plans within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans.  Said Plans maintain offices at 620 F Street NW, Washington, D.C. 20004.

10.      Plaintiff Bricklayers & Allied Craftworkers District Council of Wisconsin is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues.  Said labor organization maintains offices at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

11.      Plaintiff International Union of Bricklayers & Allied Craftworkers (together with Bricklayers & Allied Craftworkers District Council of Wisconsin, hereinafter referred to collectively as "Bricklayers Unions") is a labor organization within the meaning of 29 U.S.C. § 158, et seq. and brings this action on behalf of the participants and

beneficiaries of said organization for whom it collects working dues.  Said organization maintains offices at 620 F Street NW, Washington, D.C. 20004.

12.     Defendant Swanson Spray is a domestic company organized under the laws of the State of Wisconsin, engaged in business with principal offices located at 4233 West Finley Road, Beloit, Wisconsin 53511.  The registered agent for service of process is William C. Swanson, 4233 West Finley Road, Beloit, Wisconsin 53511.

13.     Upon information and belief, Mr. Swanson is an adult resident of the State of Wisconsin, with a residence located at 4233 West Finley Road, Beloit, Wisconsin 53511.

### Facts

14.     Defendant Swanson Spray is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

15.     For all times relevant, Swanson Spray was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Bricklayers Unions and Laborers Union (hereinafter "Unions").

16.     The Unions represent, for purposes of collective bargaining, certain Swanson Spray employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. §151, et seq.).

17.     The Labor Agreements described herein contain provisions whereby Swanson Spray agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

18.     By execution of said Labor Agreements, Swanson Spray adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

19.     By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Swanson Spray has agreed as follows:

       a.     to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

       b.     to deduct, from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

       c.     to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

       d.     to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

-6-

e.    to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

g.    to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

20.    Swanson Spray has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a.    failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Swanson Spray's covered employees; and

b.    failing to accurately report employee work status to the Plaintiffs.

21.    ERISA § 502(g)(2), as amended by the MPPAA, provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of –

> (i)     interest on the unpaid contributions, or
>
> (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D)     reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
> (E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

22.    ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

23.    On or about May 14, 2010, Swanson Spray entered into a Settlement Agreement and Mutual Release ("Agreement") through which Swanson Spray agreed to pay the sum of $81,424.67, representing contributions and interest for the audit periods January 30, 2007 through December 31, 2009.

24.    Along with the Agreement, Swanson Spray signed a Confession to Judgment acknowledging liability of the company in the amount of $95,852.76 plus attorney fees and costs and of Mr. Swanson personally in the amount of $4,812.70, attached hereto as Exhibit A.

25.    The Agreement between Swanson Spray and the Plaintiffs required Swanson Spray to make a series of twenty-five (25) monthly payments until all

contributions and interest were paid in full and to remain current with its ongoing contractual contribution obligations.

26.     Although Swanson Spray completed nine (9) payments totaling $24,000.00 under the Agreement, it failed to make the rest of the required payments toward its agreed-upon liabilities and to pay its ongoing contributions, resulting in a subsequent audit billing with additional delinquencies.

27.     On or around October 31, 2011, the Plaintiffs sent Swanson Spray a letter providing notice of its default upon the Agreement.

28.     Swanson Spray has failed to cure the default.

29.     As a result of its failure to make all required payments and failure to cure its default, and pursuant to paragraph 8 of the Agreement, Swanson Spray owes the balance of $71,852.76, plus all Plaintiffs' attorney fees and costs, plus the additional contributions, interest, and liquidated damages quantified by the subsequent audit covering January 1, 2010 through March 31, 2012.

30.     Despite demands that Swanson Spray perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant remains indebted to the Plaintiffs as follows:

Audited Period January 30, 2007 through October 31, 2008:

| | |
|---|---:|
| Wisconsin Laborers Pension Fund | 17,317.02 |
| Wisconsin Laborers Health Fund | 31,130.30 |
| Wisconsin Laborers Apprenticeship and Training Fund | 999.10 |
| Labor Management Cooperation Trust Fund | 134.61 |
| LECET Fund | 269.19 |
| Wisconsin Laborers District Council | 2,320.90 |

Audited Period November 1, 2008 through September 30, 2009:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | 6,311.37 |
| Wisconsin Laborers Health Fund | 11,182.80 |
| Wisconsin Laborers Apprenticeship and Training Fund | 352.34 |
| Labor Management Cooperation Trust Fund | 52.17 |
| LECET Fund | 104.34 |
| Wisconsin Laborers District Council | 944.54 |

Audited Period October 1, 2009 through December 31, 2009:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | 1,381.22 |
| Wisconsin Laborers Health Fund | 2,307.13 |
| Wisconsin Laborers Apprenticeship and Training Fund | 70.28 |
| Labor Management Cooperation Trust Fund | 10.26 |
| Industry Advancement Program Fund | 20.51 |
| LECET Fund | 20.51 |
| Wisconsin Laborers District Council | 231.24 |

Audited Period January 1, 2010 through March 31, 2012:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | 6,171.08 |
| Wisconsin Laborers Health Fund | 9,571.71 |
| Wisconsin Laborers Apprenticeship and Training Fund | 287.47 |
| Labor Management Cooperation Trust Fund | 42.89 |
| Industry Advancement Program Fund | 85.79 |
| LECET Fund | 85.79 |
| Wisconsin Laborers District Council | 938.96 |
| Wisconsin Masons Pension Fund | 8,579.63 |
| Wisconsin Masons Health Care Fund | 10,324.65 |
| Wisconsin Masons Apprenticeship & Training Fund | 290.83 |
| Bricklayers & Allied Craftworkers District Council of Wisconsin | 2,097.51 |
| Wisconsin Masons ICE Fund | 9.79 |
| Wisconsin Masons IPF Fund | 465.33 |
| Bricklayers & Trowel Trades International Pension Fund | 3,199.19 |
| IMI Fund | 391.00 |
| International Union of Bricklayers & Allied Craftworkers | 459.44 |

Unaudited Period April 1, 2012 to Present:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers Apprenticeship and Training Fund | Unknown |
| Labor Management Cooperation Trust Fund | Unknown |
| Industry Advancement Program Fund | Unknown |
| LECET Fund | Unknown |

| | |
|---|---|
| Wisconsin Laborers District Council | Unknown |
| Wisconsin Masons Pension Fund | Unknown |
| Wisconsin Masons Health Care Fund | Unknown |
| Wisconsin Masons Apprenticeship & Training Fund | Unknown |
| Bricklayers & Allied Craftworkers District Council of Wisconsin | Unknown |
| Wisconsin Masons ICE Fund | Unknown |
| Wisconsin Masons IPF Fund | Unknown |
| Bricklayers & Trowel Trades International Pension Fund | Unknown |
| IMI Fund | Unknown |
| International Union of Bricklayers & Allied Craftworkers | Unknown |

31.     Swanson Spray deducted and withheld working dues from its employees'

paychecks but failed to submit same to the Unions.

32.     Upon information and belief, Mr. Swanson is one of Swanson Spray's

shareholders, officers, and/or directors.

33.     Upon information and belief, Mr. Swanson is the only individual with

authority to decide whether Swanson Spray submits withheld working dues to the

Unions.

### Claim One - Against Defendant Swanson Spray Systems, Inc.
### Breach of Settlement Agreement

34.     As and for a first claim for relief against Swanson Spray, the Plaintiffs

reallege each and every allegation contained in paragraphs 1 through 33 above and

incorporate the same as though fully set forth herein word for word.

35.     Swanson Spray has defaulted upon its Agreement with the Plaintiffs and

has failed to cure said default.

WHEREFORE, the Plaintiffs demand the following relief:

1.     Judgment on behalf of Plaintiffs and against Swanson Spray:

A.     For $71,852.76, representing unpaid contributions, interest,

and liquidated damages owed to the Plaintiffs pursuant to

-11-

the Agreement between them and Swanson Spray for the
time period January 30, 2007 through December 31, 2009.

B. Actual attorney fees and costs, as set forth in the Agreement
between Swanson Spray and Plaintiffs; and

2. For such other, further, and different relief as the Court believes just and
proper.

## Claim Two - Against Defendant Swanson Spray Systems, Inc.
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

36. As and for a second claim for relief against Swanson Spray, the Plaintiffs
repeat and reallege each and every allegation contained in paragraphs 1 through 35
above and incorporate the same as though fully set forth herein word for word.

37. For purposes of this claim (Claim Two), Wisconsin Laborers Pension
Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship and
Training Fund, Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund,
Wisconsin Masons Vacation Fund, Wisconsin Masons Apprenticeship & Training Fund,
Wisconsin Masons ICE Fund, and Wisconsin Masons IPF Fund, Bricklayers & Trowel
Trades International Pension Fund, and IMI Fund are hereinafter referred to as the
"Funds."

38. Due demand has been made by the Funds upon Swanson Spray for
payment of all sums due and owing, but said Defendant has refused to pay them, or any
part thereof, and amounts remain due and owing.

39. Because, as the Funds are informed and believe, Swanson Spray has not
made timely and prompt contributions on behalf of all covered employees, the corpus of
each of the Funds is reduced, the Funds' income is reduced, and their ability to pay

benefits to qualified participants and beneficiaries is curtailed.   Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

40.   Because Swanson Spray has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.   These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1.   Judgment on behalf of the Funds and against Swanson Spray:

    A.   For $49,446.42, representing contributions, interest, and liquidated damages owed to the Funds for the audit period January 30, 2007 through October 31, 2008;

    B.   For $17,846.51, representing contributions, interest, and liquidated damages owed to the Funds for the audit period November 1, 2008 through September 30, 2009;

    C.   For $3,758.63, representing contributions, interest, and liquidated damages owed to the Funds for the audit period October 1, 2009 through December 31, 2009;

    D.   For $39,290.68, representing contributions, interest, and liquidated damages owed to the Funds for the audit period January 1, 2010 through March 31, 2012;

E.     For unpaid contributions, interest, and liquidated damages owed to the Funds for the period April 1, 2012 through the date this action was commenced;

F.     For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

G.     Actual attorney fees and the costs of this action.

2.     For an order restraining the Defendants, their employees, agents, attorneys, or any other acting on their behalf from transferring or disposing of assets, accounts receivable, tax refunds, and/or equipment to any party pending further order of the Court, with the Court retaining jurisdiction pending compliance with its orders.

3.     For such other, further, or different relief as the Court deems just and proper.

## Claim Three - Against Defendant Swanson Spray Systems, Inc. Violation of LMRA § 301 (29 U.S.C. § 185)

41.     As and for a third claim for relief against Swanson Spray, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above and incorporate the same as though fully set forth herein word for word.

42.     For purposes of this claim (Claim Three), LECET Fund, Labor Management Cooperation Trust Fund, and Industry Advancement Program Fund are hereinafter referred to as the "Funds."

43.     Due demand has been made upon Swanson Spray for payment of all working dues outstanding to the Unions and contributions and interest due the Funds, but said Defendant has refused to pay them and amounts remain due and owing.

-14-

44.     Because, as the Unions and Funds are informed and believe, Swanson Spray has not paid timely and prompt working dues to the Unions and contributions to the Funds on behalf of the Unions' members, the Unions' and Funds' incomes are reduced, and their members may be forced to pay working dues out of pocket even though said amounts may have already been deducted from their paychecks by the Defendant.  Consequently, the LMRA has been violated, and the Unions and Funds are entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Unions and the Funds demand the following relief:

1.     Judgment on behalf of the Unions and Funds and against Swanson Spray, as follows:

A.     For $2,320.90, representing unpaid working dues owed to the Unions for the audited period January 30, 2007 through October 31, 2008;

B.     For 403.80, representing contributions and interest owed to the Funds for the audited period January 30, 2007 through October 31, 2008;

C.     For $944.54, representing unpaid working dues owed to the Unions for the audited period November 1, 2008 through September 30, 2009;

D.     For $156.51, representing contributions and interest owed to the Funds for the audited period November 1, 2008 through September 30, 2009;

E.   For $231.24, representing unpaid working dues owed to the Unions for the audited period October 1, 2009 through December 31, 2009;

F.   For $51.28, representing contributions and interest owed to the Funds for the audited period October 1, 2009 through December 31, 2009;

G.   For $3,495.91, representing unpaid working dues owed to the Unions for the audited period January 1, 2010 through March 31, 2012;

H.   For $214.47, representing contributions and interest owed to the Funds for the audited period January 1, 2010 through March 31, 2012;

I.   For unpaid working dues owed to the Unions and unpaid contributions and interest owed to the Funds from April 1, 2012 to the date this action was commenced;

J.   For unpaid working dues owed to the Unions and unpaid contributions and interest owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

K.   Actual costs of this action.

2.   For such other, further or different relief as the Court deems just and proper.

### Claim Four – Against William C. Swanson, Personally
### Civil Theft, §§ 895.446 and 943.20, Wis. Stats.

45.     As and for a claim for relief against Mr. Swanson, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 44 above and incorporate the same as though fully set forth herein word for word.

46.     By his intentional conduct, by virtue of his position as a shareholder, corporate officer, and /or director of Swanson Spray, Mr. Swanson has retained possession of working dues without the Unions' consent.

47.     Mr. Swanson has intentionally retained working dues with the intent to convert said monies for his own use or for the use of Swanson Spray.

48.     By virtue of his conduct, Mr. Swanson has violated Wisconsin Statutes sections 895.446 and 943.20.

**WHEREFORE**, the Unions demands the following relief:

1.     Judgment on behalf of the Union and against Swanson, as follows:

    A.     For $2,320.90, representing unpaid working dues owed to the Unions for the audited period January 30, 2007 through October 31, 2008;

    B.     For $944.54, representing unpaid working dues owed to the Unions for the audited period November 1, 2008 through September 30, 2009;

    C.     For $231.24, representing unpaid working dues owed to the Unions for the audited period October 1, 2009 through December 31, 2009;

D.  For $3,495.91, representing unpaid working dues owed to the Unions for the audited period January 1, 2010 through March 31, 2012;

E.  For treble (exemplary) damages of not more than $20,977.77;

F.  For any amounts deducted from Swanson Spray's employees' paychecks which have not been paid to the  Unions for working dues for the period April 1, 2012 to the commencement of this action;

G.  Treble (exemplary) damages of not more than three times the amount deducted from Swanson Spray's employees' paychecks which have not been paid to the Unions for working dues for the period April 1, 2012 to the commencement of this action;

H.  For any amounts deducted from Swanson Spray's employees' paychecks which have not been paid to the Unions for working dues arising after the commencement of this lawsuit through the date of judgment;

I.  Treble (exemplary) damages of not more than three times the amount deducted from Swanson Spray's employees' paychecks which have not been paid to the Unions for working dues arising after the commencement of this lawsuit through the date of judgment; and

J.  Actual attorney fees and the costs of this action.

-18-

2.      For such other, further, or different relief as this Court deems just and proper.

### Claim Five – Against Defendant William C. Swanson, Personally
### Common Law Conversion

49.     As an alternative to Claim Four, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 48 above and incorporate the same as though fully set forth herein word for word.

50.     Mr. Swanson did not have authority, legal or otherwise, from the Unions to deduct monies from Swanson Spray's employees' paychecks without turning said monies over to the Unions or to use said monies for any purpose other than to pay Swanson Spray's employees' working dues.

51.     By virtue of Mr. Swanson's intentional conduct, the Unions have not received working dues for their members and participants, even though said monies have been deducted from the members' and participants' paychecks.

52.     Through his intentional conduct of deducting working dues from Swanson Spray's employees' paychecks and failing to forward those dues to the Unions, Mr. Swanson took property belonging to the Unions and has interfered with said Plaintiff's lawful rights to possess the working dues.

**WHEREFORE**, the Unions demand the following relief:

1.      Judgment on behalf of the Unions and against Mr. Swanson, as follows:

A.      For $2,320.90, representing unpaid working dues owed to the Unions for the audited period January 30, 2007 through October 31, 2008;

-19-

B.  For $944.54, representing unpaid working dues owed to the Unions for the audited period November 1, 2008 through September 30, 2009;

C.  For $231.24, representing unpaid working dues owed to the Unions for the audited period October 1, 2009 through December 31, 2009;

D.  For $3,495.91, representing unpaid working dues owed to the Unions for the audited period January 1, 2010 through March 31, 2012;

E.  For any amounts deducted from Swanson Spray's employees' paychecks which have not been paid to the Unions for working dues for the period April 1, 2012 to the commencement of this action;

F.  For any amounts deducted from Swanson Spray's employees' paychecks which have not been paid to the Unions for working dues arising after the commencement of this lawsuit through the date of judgment;

G.  Actual attorney fees and the costs of this action.

2.  For such other, further, or different relief as the Court deems just and proper.

Dated this 17th day of December 2013.

                                      <u>s/Benjamin J. Roovers</u>
                                        Benjamin J. Roovers (SBN 1092395)
                                        THE PREVIANT LAW FIRM, S.C.
                                        Attorney for Plaintiffs
                                        1555 North RiverCenter Drive, #202
                                        P. O. Box 12993
                                        Milwaukee, WI   53212
                                        414-271-4500 (Telephone)
                                        414-271-6308 (Fax)
                                        Email: bjr@previant.com